UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Micky Cutajar,

                              Plaintiff,

        -against-

Commissioner of Social Security,

                            Defendant.

1:19-cv-05569 (SDA)

OPINION AND ORDER

**STEWART D. AARON, United States Magistrate Judge:**

       Pending before the Court is a motion by Plaintiff Micky Cutajar ("Plaintiff") for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"). (Mot. for EAJA Fees, ECF No. 17.) For the reasons set forth below, Plaintiff's motion is GRANTED IN PART and DENIED IN PART, and Plaintiff is awarded $7,323.44 in fees, plus expenses and costs in the amount of $416.80.

## BACKGROUND

       On June 14, 2019, Plaintiff brought this action seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits and supplemental security income. On September 23, 2019, the administrative record was filed, which consisted of 1219 pages. (ECF No. 9.)

       On November 22, 2019, Plaintiff filed a motion for judgment on the pleadings, which was supported by a 23-page memorandum of law. (Pl.'s MJP Mem., ECF No. 13.) In his memorandum, Plaintiff raised three issues for review: (1) whether Plaintiff's impairments qualified under any of the listings; (2) whether the mental Residual Functional Capacity determination by the Administrative Law Judge ("ALJ") was supported by substantial evidence; and (3) whether Plaintiff's case was adjudicated by an improper and unconstitutionally appointed ALJ. (*Id*. at 1.)

On December 30, 2019, the parties submitted, and the Court approved, a stipulation remanding this action to the Commissioner for further administrative proceedings. (Stipulation, ECF No. 15.)

Plaintiff now seeks an award of attorney fees under the EAJA in the amount of $7,454.33,[1] plus expenses in the amount of $16.80 and costs in the amount of $400.00. (Mot. for EAJA Fees at 1.)[2] The Commissioner initially opposed a fee award because of the absence of a sworn affidavit or declaration (EAJA Fees Opp. Mem., ECF No. 23, at 2-3), which has since been remedied by Plaintiff. The Commissioner also argues that any fee award should be reduced to no more than $6,000.00 because Plaintiff's attorneys' hours were excessive and based in part upon clerical tasks and that the award should be payable to Plaintiff, not his attorney. (EAJA Fees Opp. Mem. at 3-9.) In reply, Plaintiff argues that the hours on which the fee request are based are not excessive or unreasonable, and that fees are not being sought for clerical tasks. (Reply at 2-7.)

## **LEGAL STANDARDS**

The EAJA provides, in pertinent part, that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

---

[1] Plaintiff initially had sought attorneys' fees in the amount of $7,483.31 (Mot. for EAJA Fees at 1), but in his reply memorandum reduced the amount to $7,454.33, based upon the Commissioner's objection to the Consumer Price Index ("CPI") figure utilized by Plaintiff (discussed *infra*). (Reply, ECF No. 24, at 4.)

[2] In support of his motion, on March 26, 2020, Plaintiff submitted an "Attorney's Affirmation" that was not sworn and that had attached to it various exhibits. (Olinsky 3/26/20 Aff., ECF No. 18.) Pursuant to this Court's Order of May 25, 2020 (5/25/20 Order, ECF No. 25), on May 28, 2020, Plaintiff submitted an Attorney's Affirmation under penalty of perjury that had the same exhibits attached as the prior Affirmation. (Olinsky 5/28/20 Aff., ECF No. 26.) The Court deems the latter Affirmation to have been filed on March 26, 2020. *See Scarborough v. Principi*, 541 U.S. 401, 418 (2004) (applying relation-back doctrine to amended EAJA application).

28 US.C. § 2412(d)(2)(A).

If a plaintiff is entitled to attorneys' fees under the EAJA, the size of the award must be determined, which has two components – the hourly rate and the number of hours expended. The EAJA provides that the "fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 US.C. § 2412(d)(2)(A).

The EAJA does not define cost of living, but the Second Circuit has held that it is "properly measured by the [CPI]." *Harris v. Sullivan*, 968 F.2d 263, 265 (2d Cir. 1992). There are national and regional variations in the CPI. Courts have held regional CPIs to "better indicate[ ] the actual costs of business borne by counsel." *Bathrick v. Astrue*, No. 11-CV-00101 (VLB), 2015 WL 3870268, at *3 (D. Conn. June 23, 2015). Courts calculate the cost of living adjustment by "multiplying the $125 statutory rate by the annual average consumer price index figure for all urban consumers ('CPI-U') for the years in which counsel's work was performed, and then dividing by the CPI-U figure for March 1996, the effective date of EAJA's $125 statutory rate." *See Caplash v. Nielsen*, 294 F. Supp. 3d 123, 136 (W.D.N.Y. 2018) (citing cases). It is within the discretion of the district court to implement a cost of living adjustment. *See id*. at 136-37.

A court must determine if the hours expended by Plaintiff's attorneys are reasonable, which remains the burden of the fee applicant. *See Hammond v. Saul*, No. 17-CV-00155 (MAT), 2019 WL 2994403, at *1 (W.D.N.Y. July 9, 2019) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "The Court has broad discretion to determine the amount of time reasonably expended,

3

but is not required to 'scrutinize each action taken or the time spent on it' when determining what is reasonable." *Id*. (quoting *Aston v. Sec'y. of Health and Human Serv*., 808 F.2d 9, 11 (2d Cir. 1986)). "District courts in this Circuit have held that a routine social security case generally requires between twenty and forty hours of attorney time." *Id*. (citing cases).

Plaintiff's counsel also is entitled to compensation for the time spent in litigating a fee application. "It is well established that 'time reasonably spent by plaintiff's attorneys in establishing their fee [is] compensable.'" *Black v. Nunwood, Inc.*, No. 13-CV-07207 (GHW), 2015 WL 1958917, at *7 (S.D.N.Y. Apr. 30, 2015) (quoting *Gagne v. Maher*, 594 F.2d 336, 344 (2d Cir. 1979), *aff'd*, 448 U.S. 122 (1980)); *Diaz v. Paragon Motors of Woodside, Inc.*, No. 03-CV-06466 (CPS) (RML), 2008 WL 2004001, at *6 (E.D.N.Y. May 7, 2008) ("[A] prevailing plaintiff is clearly entitled to attorneys' fees incurred in litigating motions for attorneys' fees."). "Courts in this Circuit 'have usually limited fee application awards to an amount substantially less than the fees awarded on the main claim.'" *Payne v. Kirkland*, No. 14-CV-07098 (ALC), 2017 WL 5952707, at *5 (S.D.N.Y. Nov. 30, 2017) (quoting *Black*, 2015 WL 1958917, at *7). "Many courts have noted that the norm in this circuit is to allow fees for fees awards that account for between 8 and 24% of the total fee award." *Black*, 2015 WL 1958917, at *7.

## APPLICATION

In his EAJA fee application, Plaintiff requests payment for 32.2 hours expended by four attorneys at a rate of $208.83 per hour and five paralegals at a rate of $100.00 per hour for a total $7454.33 in fees.[3] (*See* Olinsky 5/28/20 Aff. ¶ 8 & Exs. B, C & D.) These hours were expended

---

[3] As noted above, Plaintiff initially had sought $7,483.31, but reduced the amount based upon a CPI adjustment, which reduced the hourly rate sought from $209.73 to $208.83. (*See* n.1, *supra*.)

in connection with the proceedings until remand, plus the time spent in preparing the EAJA application. (*Id*., Ex. B.) Plaintiff also requests payment for 4.6 hours performed by two attorneys at a rate of $208.83 for the hours expended in preparing the reply memorandum. (Reply at 7.)

With respect to the attorney hourly rate, the Commissioner had objected to Plaintiff's use of the CPI for the second half of 2019, rather than the full year. (EAJA Fees Opp. Mem. at 5.) However, Plaintiff agreed to apply the CPI for the full year (Reply at 4), which results in a reduced hourly rate for attorneys of $208.83 (*see* footnotes 1 and 3, *supra*), which the Court will apply here. The Commissioner does not object to the $100.00 hourly rate for paralegals, which the Court finds reasonable and will apply here. *See Caplash*, 294 F. Supp. 3d at 140 (citing cases with a range of $75-$100 per hour for paralegals).

With respect to the hours expended, the Court carefully has reviewed the attorney hours expended (Olinsky 5/28/20 Aff., Ex. C) and finds that they are excessive. The use of four attorneys in this routine social security case resulted in a duplication of efforts. For example, attorneys Olinsky, Flemming and McGarigal each spent time reviewing the administrative record (*see id*., entries 5/14/19, 10/25/19 and 11/18/19), and attorneys McGarigal and DelGuercio participated in writing the brief. (*See id*., entries 11/20/19 through 11/22/19). In circumstances where there is a duplication of effort, a court has discretion to reduce the amount of fees awarded. *See Padula v. Colvin*, 602 F. App'x 25, 28 (2d Cir. 2015). To eliminate the duplication, the Court will not credit the time spent by Flemming (1.0 hour) and DelGuercio (0.9 hour) and will reduce Olinsky's time by one-half hour (so as to remove the 10/25/19 entry).[4]

---

[4] The Commissioner also takes issue with "generic descriptions" contained in certain of the attorney time entries (*see* EAJA Fees Opp. Mem. at 4-5), but the Court finds that they are adequate to inform the Court of the nature of the work done.

The Court also carefully has reviewed the hours expended by paralegals. Although paralegal fees are recoverable, not all types of work is compensable. "Administrative or clerical work is not compensable under the EAJA." *See Kottwitz v. Colvin*, 114 F. Supp. 3d 145, 148 (S.D.N.Y. 2015). Based upon its examination of the challenged time (*see* EAJA Fees Opp. Mem. at 6 n.1), the Court finds that the following entries reflect clerical time and therefore will not credit them: 5/7/19 (0.6 hour: "Files received, reviewed, and processed from referral source for attorney review"), 6/11/19 (0.3 hour: "FDC contract returned via overnight mail, reviewed for completion") and 7/3/19 (0.2 hour: "Combine and file proof of se[r]vice filed via CM/ECF"). (Olinsky 5/28/20 Aff., Ex. D.)

Although Plaintiff is entitled to be compensated for time spent on reply papers, *Diaz*, 2008 WL 2004001, at *6, the Court in its discretion only will credit one-half of the 4.6 hours billed. (*See* Reply at 7.) Based upon the length of the Commissioner's opposition memorandum and the complexity of the issues raised, the Court finds that 2.3 hours was a reasonable amount to bill in preparation of reply papers.

Based on the foregoing, the following chart reflects the amount of EAJA fees awarded:

| Timekeepers | Hourly Rate | Reasonable Hours | Total |
|---|---|---|---|
| Attorneys | $208.83 | 29.8 | $6,223.13 |
| Paralegals | $100.00 | 6.2 | 620.00 |
| Attorneys on reply | $208.83 | 2.3 | 480.31 |
|  |  |  | **$7,323.44** |

Plaintiff also seeks an award of expenses and costs in the amount of $416.80, which the Commissioner does not oppose. (EAJA Fees Opp. Mem. at 8 n.2.)

Finally, the Commissioner urges that the EAJA fee award be paid directly to the Plaintiff. (EAJA Fees Opp. Mem. at 7-8.) "Courts in this district generally award EAJA fees directly to the claimant, with the expectation she will then abide by her obligations to compensate her lawyer." *Finch v. Saul*, No. 17-CV-00892 (OTW), 2020 WL 1940308, at *7 (S.D.N.Y. Apr. 22, 2020). Thus, the fee award shall be paid directly to Plaintiff unless Plaintiff has agreed in writing that the award shall be paid to Plaintiff's counsel and Plaintiff owes no debt to the federal government that is subject to offset.

## **CONCLUSION**

For the foregoing reasons, Plaintiff is hereby awarded $7,323.44 in attorneys' fees, plus $416.80, for a total of $7,740.24.

**SO ORDERED.**

DATED:   New York, New York
         June 4, 2020

_____
STEWART D. AARON
United States Magistrate Judge