USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/20/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Micky Cutajar,

                              Plaintiff,

-against-

Commissioner of Social Security,

                              Defendant.

1:19-cv-05569 (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Before the Court is a motion for attorney's fees, pursuant to the Social Security Act (the "Act"), 42 U.S.C. § 406(b)(1), by plaintiff's counsel, Howard D. Olinsky of the Olinsky Law Group ("Olinsky"). (Am. Motion, ECF No. 29.) The motion follows a favorable decision for Plaintiff, Micky Cutajar ("Plaintiff" or "Cutajar"), by Defendant, Commissioner of the Social Security Administration ("Commissioner"), after remand of this case to the Commissioner for further proceedings.

For the reasons set forth below, I award attorney's fees to Plaintiff's counsel in the amount of $18,000.00 and order Plaintiff's counsel to promptly refund to Cutajar the sum of $7,323.44, which is the amount of attorney's fees previously awarded to Plaintiff's counsel under the Equal Access to Justice Act ("EAJA").

**BACKGROUND**

In 2016, Cutajar filed applications for Disability Insurance Benefits and Supplemental Security Income ("SSI"), which were denied following a hearing before an Administrative Law Judge ("ALJ"). (Pl.'s Mem. In Support J. On The Pleadings, ECF No. 13, at 1-2.) The ALJ's decision became final when the Appeals Council denied review on April 19, 2019. (*Id*. at 2.) On May 29,

2019, Cutajar entered into a Fee Agreement with Olinsky to have Olinsky represent him in seeking federal court review of the decision by the Social Security Administration ("SSA"). Under the terms of the Fee Agreement, "if [Olinsky] wins [Cutajar's] case in federal court," such as having his case remanded to the SSA, Olinsky may receive an award of attorney's fees for work performed at the federal court, pursuant to the EAJA. (Ex. A to Aff. In Supp. of Mot. for Attorney's Fees ("Olinsky Aff."), ECF No. 29-2, at 2.) The Fee Agreement also provides that Olinsky "has the right to ask the court to award 25% of [Cutajar's] past-due benefits" for representing him in federal court. (*Id.*) In addition, the Fee Agreement states that "[t]he parties agree that if counsel becomes entitled to a fee up to 25% of the past due benefits. . . that counsel will credit the amount of the EAJA fee in addition to the [42 U.S.C. §] 406(b) fee and will return any excess EAJA amounts not authorized, to the claimant." (*Id*.)

On June 14, 2019, Cutajar filed the Complaint in this action. (Compl., ECF No. 1.) The Commissioner filed an Answer on September 23, 2019 and, on October 10, 2019, the parties consented to my jurisdiction. (SSA Admin R., ECF No. 9; Consent, ECF No. 11.) On November 22, 2019, Plaintiff filed a motion for judgment on the pleadings, accompanied by a 23-page memorandum of law. (Pl.'s Not. Of Motion, ECF No. 12; Pl.'s Mem. In Support J. On The Pleadings, ECF No. 13.) Pursuant to a Stipulation entered into between the parties, this action was remanded to the Commissioner, under sentence four of 42 U.S.C. § 405(g), for further administrative proceedings, and judgment was entered by the Clerk of Court on December 30, 2019. (Stip. & Order, ECF No. 15; Clerk's J., ECF No. 16.)

Based on the successful appeal in the District Court, Olinsky sought an award of attorney's fees under the EAJA. (EAJA Mot., ECF No. 17.) On June 4, 2020, I granted in part and denied in part Olinsky's motion, awarding $7,323.44 in EAJA fees. (Op. & Order, ECF No. 27.)

On remand, Cutajar was awarded $143,610.00 in Disability Insurance Benefits for the period April 2016 through December 2020. (Olinsky Aff. ¶ 4 & Ex. B.) The Notice of Award from the SSA specifies that the SSA is withholding twenty-five percent of Cutajar's past due benefits, a total of $35,902.50, for payment of attorney's fees. (Olinsky Aff. Ex. B., ECF No. 29-3, at 3.)

On March 10, 2021, Plaintiff's counsel filed a motion for attorney's fees, pursuant to 42 U.S.C. § 406(b)(1), which he amended on March 16, 2021. (*See* Am. Motion.) In the motion, Olinsky seeks attorney's fees in the amount of $35,902.50, which represents 25% of the past due benefits awarded to Plaintiff. (Olinsky Aff. ¶¶ 6-7.) Olinsky also requests permission to deposit into escrow the EAJA fees he previously was awarded, in anticipation of an application by Plaintiff's hearing representative for fees pursuant to 42 U.S.C. § 406(a), and to return to Plaintiff any of what remains of the EAJA award after payment of § 406(a) fees. (*Id*. ¶ 8.)

The Commissioner filed his response to the motion on March 30, 2021. (Response, ECF No. 31.) The Commissioner noted that Plaintiff's counsel's request that he be permitted to keep duplicate attorney's fees under both the Act and the EAJA is prohibited. (*See id*. at 1-2.) With respect to the reasonableness of Plaintiff's counsel's fees, the Commissioner noted that some courts in this Circuit have viewed the *de facto* hourly rate sought in this case as a windfall and unreasonable. (*See id*. at 3.) Plaintiff's counsel filed a reply on April 6, 2021. (Reply, ECF No. 32.)

**DISCUSSION**

I. **Legal Standards**

Section 206(b)(1)(A) of the Act provides:

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner . . . may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A).

"Most plausibly read . . . § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). "Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*.

"[W]here there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990) (internal citations omitted). Among the factors to be considered when determining whether an award is reasonable are: (a) whether the contingency fee is within the twenty-five percent limit; and (b) whether the retainer was the result of fraud or overreaching by the attorney. *See Wells*, 907 F.2d at 372.

Other factors to be considered are the following:

> 1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved;" 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and 3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor.

*Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005) (quoting *Gisbrecht*, 535 U.S. at 808).

With respect to the third factor—whether the award constitutes a "windfall"—courts consider the following factors:

> 1) whether the attorney's efforts were particularly successful for the plaintiff, 2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, 3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

*Blizzard v. Astrue*, 496 F. Supp. 2d 320, 323 (S.D.N.Y. 2007) (quoting *Joslyn*, 389 F. Supp. 2d at 456-57).

Fee awards may be made under both the EAJA and § 406(b), but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (citation omitted). Moreover, the Supreme Court has held that the 25% cap in § 406(b) applies only to fees awarded for federal court work and not the aggregate amount of fees under both § 406(a) and § 406(b). *See Culbertson v. Berryhill*, 139 S. Ct. 517, 522 (2019).

II.     **Application**

As noted above, Olinsky seeks an award of attorney's fees in the amount of $35,902.50, which represents 25% of Cutajar's past-due benefits that were awarded after remand. As a threshold matter, the requested amount is consistent with the contingency agreement and there

5

is no evidence that the Fee Agreement is the product of fraud or overreaching. Moreover, Plaintiff's counsel did not unreasonably delay the proceedings.

Further, although the instant motion does not address Olinsky's experience, there is no question that Olinsky is well experienced in handling social security cases and that the written submissions made were specific and well supported. With respect to the remaining factors—*i.e.*, whether the requested fees are out of line with the character of the representation and the successful results achieved, as well as the so-called windfall factor—Olinsky has requested $35,902.50 for 39.5 hours of services rendered before this Court, 32.2 hours of which were attorney hours and 7.3 hours of which were paralegal hours. (Olinsky Aff. ¶ 10.) If, as Olinsky suggests, the paralegal time is billed at $100.00 per hour, the effective hourly attorney rate is $1,092.31. (*See id*.)

Upon review of Plaintiff's counsel's submissions regarding the hours expended in this case (*see* Olinsky Aff. Exs. C to E), the Court finds that the number of hours spent on this matter is reasonable. However, the *de facto* hourly rate of $1,092.31 would constitute a windfall. While some courts in this Circuit have approved similar, or greater, awards, the Court, in its discretion, finds that an award of $18,000.00 adequately compensates Plaintiff's counsel for the time spent on this case, the risks that he accepted in undertaking the representation of Cutajar on a contingency basis, and the successful result obtained for Cutajar, and also "satisfies the underlying policy goal of ensuring that claimants have qualified counsel representing them in their social security appeals." *Espada v. Comm'r of Soc. Sec.*, No. 15-CV-01505 (SDA), 2020 WL 1322527, at *3 (S.D.N.Y. Mar. 21, 2020) (awarding $12,450.00 for 24.9 hours expended); *see also Long v. Comm'r of Soc. Sec.*, No. 18-CV-01146 (PKC), 2020 WL 6545904, at *3 (E.D.N.Y. Nov. 6,

2020) (reducing Olinsky's fee amount to $16,720.00 for 31.9 hours of work, translating to an effective hourly attorney rate of $500.00 and an hourly paralegal rate of $100.00); *Janes v. Saul*, No. 18-CV-05054 (GBD) (SDA), 2020 WL 7029173, at *3 (S.D.N.Y. July 28, 2020), *report and recommendation adopted*, 2020 WL 5912329 (S.D.N.Y. Oct. 6, 2020) (awarding $20,000.00 in fees for 29 hours of work); *Fields v. Saul*, No. 18-CV-02072 (SDA), 2020 WL 5350483, at *4 (S.D.N.Y. Sept. 5, 2020) (reducing fee award to $19,350.00 for 25.8 hours of services in case involving multiple hearings and appeals); *Brown v. Colvin*, No. 15-CV-04823 (SDA), 2018 WL 6061199, at *4 (S.D.N.Y. Nov. 20, 2018) (reducing fees of $18,675.00 for 24.9 hours of work to $12,450.00, resulting in $500.00 hourly rate); *Karki v. Comm'r of Soc. Sec.*, No. 13-CV-06395 (PKC), 2018 WL 1307947, at *2-3 (E.D.N.Y. Mar. 13, 2018) (finding hourly rate of $1,066.00 would constitute windfall and reducing amount to $500.00 per hour for 21.1 hours of work).

Finally, Plaintiff's counsel's request to deposit the previously awarded EAJA fees into escrow for the benefit of the hearing representative is denied. While the Court understands the predicament faced by Plaintiff's counsel and the hearing representative with respect to their competing entitlements to the fees withheld by the SSA (*see* Reply at 1-3), the Court finds no authority to approve the procedure Plaintiff's counsel requests. To the contrary, as the Commissioner points out, the Savings Provision in the 1985 amendments to the EAJA specifically requires that where an attorney is awarded fees under both the EAJA and § 406(b), "the claimant's attorney [must] refund[] to the claimant the amount of the smaller fee." Pub. L. No. 99-80, § 3, 99 Stat. 183 (Aug. 5, 1985). Furthermore, controlling case law dictates that if a plaintiff's counsel is awarded attorney's fees under both the EAJA and § 406(b), the smaller of the two fees must be refunded to the plaintiff. *See Wells v. Bowen*, 855 F.2d 37, 42 (2d Cir. 1988)

("dual fee applications are not improper as long as the lesser of any two amounts awarded goes to the attorney's client."); *Gisbrecht*, 535 U.S. at 796 (same); *accord Reyes v. Berryhill*, No. 17-CV-07214 (RLM), 2021 WL 1124752, at *3 (E.D.N.Y. Mar. 24, 2021) (attorney "may not lawfully retain fee awards under both section 406(b) and the EAJA"). Accordingly, upon receipt of the attorney's fees awarded pursuant to § 406(b), Plaintiff's counsel must refund the EAJA fees to Plaintiff.

## CONCLUSION

For the reasons set forth above, Plaintiff's counsel's motion for attorney's fees (ECF No. 29) is GRANTED IN PART and DENIED IN PART. It is hereby ORDERED that Plaintiff's counsel be awarded the sum of $18,000.00 in fees. Upon receipt of this sum, Plaintiff's counsel is ORDERED to refund the previously awarded EAJA fees of $7,323.44 directly to the Plaintiff.

**SO ORDERED.**

DATED: New York, New York
April 20, 2021

_____
STEWART D. AARON
United States Magistrate Judge